IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

KENNETH D. HICE                                                    PLAINTIFF

v.                          Civil No. 09-2150

ARKANSAS DRIVER CONTROL;
ARKANSAS STATE POLICE, TROOP
H; and ARKANSAS STATE TROOPER
GERRIT NEIHVS                                                      DEFENDANTS

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

This is a civil rights action filed by the plaintiff, Kenneth D. Hice (hereinafter Hice), pursuant to 42 U.S.C. § 1983. The clerk is directed to file the *in forma pauperis* application and complaint. Before the court is Hice's motion for leave to proceed *in forma pauperis*. For the reasons stated below, it is the recommendation of the undersigned that Hice's *in forma pauperis* application be denied and his complaint be dismissed.

### Background

According to the allegations of the complaint, Hice's driver's license was "taken" in 1997 as a result of a driving while under the influence (DWI) charge he received in Logan County, Arkansas. Hice alleges that he was never charged with a DWI.

Hice alleges Driver Control agent George Overbee, as he was taking the DWI charge off Hice's record, said the only thing he could tell Hice was that the charge involved a state trooper. The following day when Hice went to get his license back, Hice alleges the DWI charge was back on his record. Over the past twelve years, Hice alleges he has repeated this process many times. Hice states he has done a lot of time in jail and was "robbed of [his] profession."

As relief, Hice wants his driver's license restored to its former status. He also wants the driving on a suspended license charges stricken from his record. Finally, he seeks monetary

compensation for lost wages, defamation of character, jail time, lost cars, and undue hardship.

## Discussion

Pursuant to 28 U.S.C. § 1915(e)(2)(B) the court has the obligation to screen any complaint in which a plaintiff seeks to proceed *in forma pauperis*. In reviewing an *in forma pauperis* application, there is a two step process followed by the court. First, a determination of whether the plaintiff qualifies by economic status under § 1915(a) and, if so, to permit the complaint to be filed. Second, a determination of whether the cause of action stated in the complaint is frivolous or malicious and, if so, to dismiss the complaint. *Martin-Trigona v. Stewart*, 691 F.2d 856, 857 (8th Cir. 1982). 28 U.S.C. § 1915(e)(2)(B)(on review, the court is to dismiss the complaint, or any portion of the complaint, that is frivolous, malicious, or fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.). *See also* 28 U.S.C. § 1915A(b).

In his affidavit, Hice indicates he has a limited income, owns nothing of value, and has only a small amount of money in cash, or checking or savings accounts ($296). The information supplied by Hice appears to be sufficient to determine that he would qualify by economic status for *in forma pauperis* status.

However, Hice's claims stemming from his driver's license erroneously being taken away in 1997 are subject to dismissal. First, his claims are barred by the statute of limitations. Section 1983 does not contain its own statute of limitation. Instead, causes of action under § 1983 are governed by "the most appropriate or analogous state statute of limitations." *Goodman v. Lukens Steel Co.*, 482 U.S. 656, 660 (1987)(§ 1981 case). *See also Wilson v. Garcia*, 471 U.S. 261, 268 (1985)(§ 1983 case); *Bell v. Fowler*, 99 F.3d 262, 265-266 (8th Cir. 1996)(§ 1985 case). In Arkansas, this is the three year personal injury statute of limitations, Ark. Code Ann. 16-56-105(3) (2005). *See Miller v. Norris*, 247 F.3d 736, 739 (8th Cir. 2001)(Ark. Code Ann. § 16-56-

AO72A
(Rev. 8/82)

105(3) is the statute of limitations applicable to § 1983 cases). Thus, any claims based on events that occurred in 1997, would be barred by the statute of limitations.

Second, under the Sovereign Immunity Clause of the Eleventh Amendment, a state, its agencies, and agency officials acting in their official capacities are not persons subject to suit under section 1983 for money damages. *Will v. Michigan Department of State Police*, 491 U.S. 58, 65-67, 109 S. Ct. 2304, 105 L. Ed. 2d 45 (1989).

Third, the regulation of motor vehicles upon the highways of a state is regarded as a matter primarily within the police power of the state. *See Hedrick v. Maryland,* 235 U.S. 610, 35 S. Ct. 140, 59 L. Ed. 385 (1915). A license to operate a motor vehicle is a privilege granted by the state and is not derived from an individual's status as a United States citizen or from the federal constitution. *See e.g., Wall v. King,* 109 F. Supp. 198, 199 (D. Mass. 1953).

### Conclusion

Accordingly, it is the recommendation of the undersigned that Hice's request to proceed *in forma pauperis* be denied and the complaint be dismissed with prejudice.

**Hice has fourteen (14) days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. King is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this __7__ day of December 2009.

U. S. DISTRICT COURT
WESTERN DISTRICT ARKANSAS
FILED

DEC 0 7 2009

CHRIS R. JOHNSON, CLERK

BY _____ DEPUTY CLERK

HON. JAMES R. MARSCHEWSKI
UNITED STATES MAGISTRATE JUDGE